### In the Matter of The DUPLAN CORPORATION and Duplan Fabrics, Inc., Debtors.

### Nos. 76 B 1967 and 76 B 1968.

United States District Court,
S. D. New York.

Dec. 5, 1977.

See also, D.C., 444 F.Supp. 952.

Shea, Gould, Climenko & Casey, New York City, for Reorganization Trustee Alfred P. Slaner; Martin I. Shelton, Lonn A. Trost, New York City, of counsel.

Marvin E. Jacob, Associate Regional Administrator, New York City, for Securities and Exchange Commission; Jerome Feller, Branch Chief, Erik D. Aschenbrenner, New York City, of counsel.

Zalkin, Rodin & Goodman, New York City, for Secured Institutional Lenders; James D. Glass, New York City, of counsel.

Curtis, Mallet, Provost, Colt & Mosle, New York City, for Indenture Trustee; John P. Campbell, Robert G. Zack, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

An application has been made by the Trustee in Reorganization, pursuant to a policy statement issued by the Securities and Exchange Commission (hereinafter re-ferred to as the "SEC" or "the Commission"), for the establishment of a simplified procedure whereby the Trustee and others could obtain interim payment for their services prior to the termination of the reorganization of this debtor. This procedure was suggested by the Commission in 1940. It was thereafter modified, but not to any extent which would affect this particular case.

Applications also have been made by 1) the Trustee in Reorganization; 2) Philip Alperdt, an attorney retained by the Trustee as special counsel; and 3) S. D. Leidesdorf & Co., the accountants for the Trustee, to receive allowance awards prior to the consummation of the reorganization.

On November 9, 1977, I held a hearing on these various applications. This opinion constitutes my findings thereon.

The SEC has objected to the establishment of a simplified procedure in this case; however, this procedure, recommended originally by the Commission, cannot be dealt out discriminatorily. The concept of such procedure makes sense, particularly where, as here, the bankrupt has more than sufficient funds to meet its current obligations. Under the circumstances, the simplified procedure proposed by the Trustee is approved. It is to be understood, however, that while this approval extends to certain maximum allowances included in the notice of hearing sent to creditors and shareholders of the debtor, these are merely maximum amounts and are subject at all times to reduction by this Court.

Turning to the applications for interim fees, the SEC has consented to S. D. Leidesdorf & Co.'s application, which is based on this accounting firm's hourly fee. The Commission has also consented, as have all other parties, to the application of Philip Alperdt as to two of the arbitration proceedings which he has concluded as special counsel to the Trustee. Apparently, this is also based on hourly rates, and the Commission admits that such counsel has earned $7,910 therefor. Many of the matters which the special counsel has been handling

are unresolved arbitrations or litigations which the SEC apparently recognizes are viable. Yet, rather than recommend full payment of the fee requested therefor, the Commission has recommended that an interim award of $15,000 be made. This recommendation includes the conceded award of $7,910. All parties have agreed that special counsel has expertise in these matters, and that he is a single practitioner, who depends from case to case for his living. All parties also have agreed that the awarding of fees, even on an interim basis to such counsel, is a matter of this Court's discretion, although the Commission has referred me to authority which recommends that only a sufficient sum be awarded to keep "body and soul together."

The Trustee has also applied for an interim allowance. I note that the Chief Executive Office of the debtor earned a substantial salary, plus certain fringe benefits, during the period when the debtor was in Chapter XI proceedings and which was being monitored by the Commission. Pursuant to an informal order of this Court, the Trustee, who is not engaged in any other business (except for that concerning his own personal affairs) has kept time records, the accuracy of which has not been questioned. On the basis of these records, the Trustee is seeking an interim total of $118,360, which sum includes his reasonable disbursements.

The Commission has recommended that the Trustee be paid on an annual basis; it also objects to the fact that the Trustee, a "businessman," seeks payment at an hourly rate. In so doing, the Commission has totally ignored the realities of the instant situation. The SEC would have what it considers to be "professionals"—such as the certified public accountants in this case—paid on an hourly basis. It would ignore that a "businessman" may properly divide his time between his personal business and his duties as Trustee.

While the SEC has a duty and right to represent the public shareholders in a Chapter X proceeding, this representation should be a reasonable one. I find its recommendations are less than reasonable in this case. While the Commission has historically aided the Court in matters such as are here presented (and this assistance is appreciated), the SEC recommendations are simply recommendations and are not "binding." The final decision rests with the Court.

The applications of the Trustee and the accountants, S. D. Leidesdorf & Co., are granted in full. The application of Philip Alperdt, special counsel, is granted to the extent of $20,000.

SO ORDERED.